UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STUDIOS OF SELF DEFENSE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTOPHER RINEHART, MD, an individual; BRENT MURAKAMI, an individual; SOUTH BAY STUDIOS OF SELF DEFENSE, LLC, a California limited liability company; LOS ANGELES STUDIOS OF SELF DEFENSE, LLC, a California limited liability company; S.B. NINJA, LLC, a California limited liability company,<br><br>Defendant.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 8:18-cv-01048-DOC-DFM<br><br>The Hon. David Carter<br><br>**JUDGMENT AND ORDER** |

This matter was before the Court on a bench trial held on October 29-31, 2019. The Action arises out of a contract dispute between United Studios of Self Defense Inc. ("USSD" or "Plaintiff") and Kristopher Rinehart ("Rinehart"), Brent Murakami ("Murakami") and entities owned wholly or partly by Rinehart and

Murakami including Los Angeles Studios of Self Defense, LLC ("LASSD"), South Bay Studios of Self Defense, LLC ("SBSSD"), S.B. Ninja, LLC ("S.B. Ninja"), and Rolling Hills USSD, LLC ("RHSSD") (collectively, "Defendants"). Matthew Berliner, Eric Hardeman, and Adam Harris of Fortis LLP appeared on behalf of Plaintiff. Daniel DeCarlo and Esther Shin of Lewis Brisbois Bisgaard & Smith LLP appeared on behalf of Defendants.

Having considered the evidence at trial, all papers filed in connection with this matter, and statements made on the record,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment is entered in favor of Defendants as follows:

**Plaintiff's Claims**

1. USSD's claim for breach of contract as to the Redondo Beach Franchise Agreement has no merit and Defendants are the prevailing party on this claim.
2. USSD's claim for breach of contract as to the Beverly Hills Franchise Agreement has no merit and Defendants are the prevailing party on this claim.
3. USSD's claim for declaratory relief as to the Redondo Beach Franchise Agreement has no merit and Defendants are the prevailing party on this claim.
4. USSD's claim for intentional interference with contract against Murakami and S.B. Ninja has no merit and Defendants are the prevailing party on this claim.
5. USSD's claim for false designation/unfair competition under the Lanham Act has no merit and Defendants are the prevailing party on this claim.
6. USSD's claim for unfair business practices under Cal. Bus. & Prof. Code §§ 17200 et. Seq. ("UCL") has no merit and Defendants are the prevailing party on this claim.
7. USSD's claim for accounting of profits made from Lanham Act violation has no merit and Defendants are the prevailing party on this claim.
8. USSD's claim for declaratory relief under the Redondo Beach and Beverly Hills Franchise Agreements is GRANTED IN PART as defined in the Court's December 4, 2019 Findings of Fact and Conclusions of Law.

9. USSD shall take nothing by way of its claims.

**Defendants' Counterclaims**

10. Defendants' counterclaim for declaratory relief as to the lack of formation of the Redondo Beach Franchise Agreement is GRANTED and Defendants are the prevailing party on this counterclaim.

11. Defendants' counterclaim for declaratory relief as to the right to rescind the Rolling Hills and Torrance License Agreement is GRANTED and Defendants are the prevailing party on this counterclaim.

12. Regarding Defendants' counterclaim for breach of contract as to the Beverly Hills Franchise Agreement, Defendants have not shown any breach of the Beverly Hills Franchise Agreement.

**Attorneys' Fees and Costs**

13. Defendants are the prevailing party in this Action and are entitled to an award of reasonable attorneys' fees against Plaintiff and Charles Mattera jointly and severally pursuant to Cal. Civ. Code 1717 and 15 USC 1117 in the amount to be later determined following Defendants' motion and application for accounting related to thereto.

**Sanctions against Plaintiff and Charles Mattera**

14. The Court hereby grants Defendants' motion for terminating sanctions in part but declines to terminate Plaintiff's case in its entirety. The Court does instead hereby grant the motion in part by awarding all of Defendants' attorneys' fees and costs against Charles Mattera and USSD jointly and severally.

15. The Court hereby exercises its inherent authority to assess sanctions against Plaintiff and Charles Mattera as the Court finds that Defendants are the prevailing party and that both Plaintiff and Charles Mattera engaged in conduct that amounts to bad faith in the prosecution of this Action. Charles Mattera committed a fraud on the Court and his actions must be punished and as such, the Court awards to Defendants as a sanction, all of Defendants' costs and attorneys'

fees incurred in this Action and that such award of fees and costs shall be joint and several against Plaintiff and Charles Mattera. The amount of such fees will be determined later by the Court following Defendants' motion and application for accounting related thereto.

The Court hereby enters final judgment in favor of Defendants in accordance with the Court's Findings of Fact and Conclusions of Law and Order (ECF# 242) which is incorporated by reference. Plaintiff shall take nothing and Defendants are awarded attorneys' fees and costs in an amount to be determined against Plaintiff and Charles Mattera jointly and severally.

IT IS SO ORDERED.

DATED: December 30, 2019

*David O. Carter*

The Honorable David O. Carter
United States District Judge